ATTACHMENT ONE

April 26, Tuesday, 2005

United States District Court
District of Massachusetts
Presiding Judge
Boston, MA



05-10848 MLW
Referred to MJ R B Collings

Plaintiff(s)

William Z. (Bill) Acker
c/o Iglesia De Dios
26 Mansfield St
Somerville, MA  02143

Defendant(s)

City of Somerville
Police Department
220 Washington Street
Somerville, MA  02143

Massachusetts Trial Court
District Court Department
Somerville Division
175 Fellsway
Somerville, MA  02145

COMPLAINT

Parties

1.      The plaintiff is a resident of New York State yet stays on a regular basis in Somerville, Middlesex County, Massachusetts, and is a citizen of the United States.

2.      The defendants are the City of Somerville Police Department, 220 Washington Street, Somerville, Middlesex County, Massachusetts, 02143, and the Massachusetts Trial Court, District Court Department, Somerville Division, i.e., Somerville District Court, 175 Fellsway, Somerville, Massachusetts, Middlesex County, 02145.

1

Jurisdiction

3.	This court has jurisdiction over this matter as a pattern of improper police and court conduct of procedure exists, specifically, as committed by the Somerville Police Department and the Somerville District Court, in an investigation and processing of a criminal complaint by the plaintiff against three individuals, including, in a context of impropriety, potential corruption by, including potential collusion between, the police and the Court.

Facts

4.  On Wednesday evening, March 30th, 2005, an assailant, Oscar Carrasquillo, committed multiple criminal offenses against the plaintiff, as aided and abetted by an unidentified male accomplice/accessory and an unidentified female accomplice/accessory, inside a Burger King national restaurant chain restaurant, at 185 Somerville Avenue, Somerville, Massachusetts.

5.  A Somerville Police Department officer, Officer Badge Number 210, who responded with two other police officers when the police were called and who arrived while the assailant, male accomplice, and female accomplice were at the Burger King restaurant, failed to access and record relevant evidence in investigating a commission of multiple criminal offenses against the plaintiff, including a failure of an interview of multiple restaurant employees as eyewitnesses to a commission of the criminal offenses, a failure of a reference or referral for further, subsequent investigation, e.g., by a police detective, of a record in a video surveillance system in and of the dining room of the Burger King restaurant, and a failure of a subsequent filing of a criminal complaint against the male accomplice and female accomplice.

6.  An unidentified Somerville Police Department officer, of Caucasian, and possibly Mediterranean, ethnicity, exhibited intimidating behavior toward the plaintiff, specifically, in response to a false allegation by the female accomplice toward the plaintiff of 'staring,' when the plaintiff through visual observation from a distance recorded the Massachusetts registration, 53K-E07, of the vehicle of the assailant and/or the female accomplice. After a communication by the plaintiff to the unidentified Somerville police officer about an acquisition of the vehicle registration, the police officer stated to the plaintiff the plaintiff should stop staring at the female accomplice, and then without justification stated to the plaintiff to stop staring at the police officer, i.e., himself, or the plaintiff would be arrested for disorderly conduct.

7.  Somerville Police Officer badge number 210, after taking a statement from the plaintiff during which the plaintiff described a commission of a felony assault by the assailant against the plaintiff, informed the plaintiff the assailant was alleging a felony assault and battery by the plaintiff against the assailant, an allegation which was denied by the plaintiff to the police officer. The police officer informed the plaintiff a notice to appear at a hearing would be sent to the plaintiff.

8.  After leaving and then returning to the Burger King restaurant approximately thirty minutes later, the plaintiff asked the on-duty manager of the restaurant, Costadeena Gesemas Hiou (spelling believed correct), if she or any other restaurant employee as eyewitnesses had been questioned by the Somerville Police. Ms. Hiou stated she and no one else had been questioned, but a Somerville police officer had questioned a customer sitting in the dining room.

3

9. The plaintiff went to a local court, Somerville District Court, on Thursday afternoon, March 31st, 2005, entered court near the end of the court lunch recess, and notified a court clerk/official, a woman, of an intent of filing of a motion with the Court. A judge entered the courtroom and briefly conducted court business, and then rose to leave. The plaintiff stated with sufficient volume to be heard by the departing judge and the court clerk/official the plaintiff, as previously stated to the court clerk/official, had business to conduct before the Court. The judge left the courtroom without considering the motion of the plaintiff.

10. A court baliff directed the plaintiff out of the courtroom to a court official, believed to be an assistant magistrate, to whom the plaintiff explained an intent of filing a motion for an appropriate court order preserving a record in a video surveillance system in and of the dining room of the Burger King restaurant as evidence of a commission of multiple criminal offenses by the assailant against the plaintiff. The court official directed a request by the plaintiff for a motion for an appropriate court order for a preservation by Burger King Corporation of evidence as stored in a video surveillance system record to a Superior Court. The plaintiff stated to the court official a Somerville Police Department officer responding to the Burger King restaurant had not referenced the video surveillance system record. The court official stated the plaintiff should speak to a Somerville Police Department official, to which the plaintiff stated to the court official as a responding Somerville Police Department officer had not referenced the video surveillance system record the plaintiff did not believe the Somerville Police Department could be trusted to reference the video surveillance system record. The court official recommended to the plaintiff the plaintiff speak with a Somerville Police Department liaison officer, Captain Story, who has an office in the Somerville District Court building, i.e., the court official, after being informed by the plaintiff of a failure of a Somerville police officer of a reference of a video surveillance system record in an investigation of a criminal offense and a consequential distrust by the plaintiff of the Somerville Police Department, referred the plaintiff to a Somerville Police officer whom the plaintiff stated was not trusted.

11. The plaintiff, on Thursday afternoon, March 31st, 2005, at 3:50PM, called an individual believed to be a district manager of the Burger King restaurant, Mr. Moshen Noureddine, at 1-800-669-1800, extension 2706, and left a voicemail message including the name of the plaintiff, a description of a commission of the multiple criminal offenses the previous evening, an e-mail address of the plaintiff, and a desire of the plaintiff of a preservation as evidence of the video surveillance system record of the criminal offenses.

12. As a result of an improper conduct by the Somerville Police Department of an investigation into the criminal offenses committed against the plaintiff, a refusal by a Somerville District Court judge of a consideration of a court order request by the plaintiff for a preservation of evidence, and a refusal by a Somerville District Court court official of an acceptance of a motion by the plaintiff for a court order for a preservation of evidence, the plaintiff was not able to obtain on a timely basis a court order for a preservation of evidence against the assailant, including in an effort at the United States District Court, District of Massachusetts, in Boston, Massachusetts, on Friday afternoon, April 1st, 2005.

4

13. After speaking with Mr. Noureddine on Tuesday at noon, April 26th, 2005, at 12:05PM at the Burger King restaurant at 185 Somerville Avenue in Somerville, Massachusetts, during which Mr. Noureddine stated a reception of an e-mail from the plaintiff about a commission of the criminal offenses, stated a possible existence as evidence of a video surveillance system record of the criminal offenses, specifically, an existence which Mr. Noureddine stated he, Mr. Noureddine, would confirm, and stated a request for any video surveillance system record as evidence would have to be made by the Somerville Police Department, the plaintiff at 1:30PM the same day went to Somerville Police Headquarters and spoke with Detective Shaw, a Caucasian female, in requesting a request and acquisition by the Somerville Police Department of any video surveillance system record of the criminal offenses, which Detective Shaw said would be referred to Somerville police officer badge number 210, Officer Steve St. Hilaire.

Relief

Wherefore, as a result of an improper conduct by the Somerville Police Department of an investigation into the criminal offenses committed against the plaintiff, a refusal by a Somerville District Court judge of a consideration of a motion by the plaintiff for an appropriate court order for a preservation of evidence, and a refusal by a Somerville District Court court official of an acceptance of a motion by the plaintiff for a court order for a preservation of evidence, and as the personal finances of the plaintiff are insufficient for legal representation and/or court expenses, the plaintiff has been denied proper due process and believes no reasonable expectation of proper due process exists at a nonfederal court level, in making the following requests.

14.    At no effort and/or expense to the plaintiff, the plaintiff requests an appropriate court order for a request and acquisition by the appropriate government entity, specifically, the Somerville Police Department and/or the Somerville District Court, in preservation as evidence of any video surveillance system record of the criminal offenses which, at a result of a conversation between the plaintiff and Mr. Noureddine as of Tuesday, April 26th, 2005, at 12:05PM at the Burger King restaurant at 185 Somerville Avenue in Somerville, Massachusetts, has been stated by Mr. Noureddine as possibly existing on Tuesday, April 16th, approximately one month after a commission of the criminal offenses.

15.    At no effort and/or expense to the plaintiff, the appropriate government entity, specifically, the Somerville Police Department and/or the Somerville District Court, should issue criminal complaints against the male accomplice and the female accomplice to the assailant, with each accomplice being summoned to a hearing, which has been scheduled for Monday, May 2nd, 2005, at 2:00PM at the Somerville District Court building, regarding a criminal offense alleged by the assailant as having been committed by the plaintiff against the assailant.

16.    An officer, preferably a detective, of the Somerville Police Department should interview an eyewitness, Costadeena Gesemas Hiou (spelling believed correct), a manager of the Burger King restaurant when and where the respective criminal offenses were committed, for information about a commission of the criminal offenses against the plaintiff.

17.    At no effort and/or expense to the plaintiff, the appropriate government entity, specifically, the Somerville Police Department, the Somerville District Court, and/or the Middlesex County Sheriff, should summon the eyewitness, Costadeena Gesemas Hiou (spelling believed correct), to a hearing, which has been scheduled for Monday, May 2nd, 2005, at 2:00PM at the Somerville District Court building, regarding a criminal offense as alleged by the assailant as having been committed by the plaintiff against the assailant, for information about a commission of criminal offenses by the assailant against the plaintiff.

18.    The plaintiff requests an appropriate court order protecting the plaintiff from any, including retaliatory and/or other, action by any government entity, e.g., the Somerville

Police Department and/or the Somerville District Court, which prevents the plaintiff from an immediate access in recourse to the Federal Court of the District of Massachusetts regarding this respective case, e.g., given a decision by a lower-court magistrate or similar official of a detention and/or imprisonment of the plaintiff for a jury trial for any respective criminal charge as alleged by the assailant against the plaintiff, a requirement of a posting by the plaintiff of any bail and/or bond, and/or any other requirement relevant to the respective criminal charge as alleged by the assailant against the plaintiff.

19. The plaintiff requests an appropriate court order protecting the plaintiff from any, including retaliatory and/or other, action by any government entity, e.g., the Somerville Police Department and/or the Somerville District Court, interfering with any employment, lifestyle, or housing of the plaintiff, especially, as would adversely affect an ability of the plaintiff of a legal defense of the plaintiff, i.e., themself.

March 31, 2005 TH

Somerville District Court
Presiding Judge
Somerville, MA

Petitioner: William Z. (Bill) Acker

No known incident report number and/or docket number.

Your Honor,

    On the evening of Wednesday, March 30th, 2005, at approximately 7:15 PM, I was attacked during a commission of a felony criminal offense against me by a Hispanic male of possibly mixed-race, specifically, Hispanic/Negro, ethnicity, inside the Burger King restaurant, located at the intersection of Somerville Avenue and Mansfield Street in Somerville, Massachusetts, immediately after I left and was standing outside of the Mens restroom.

    This individual had a male accomplice of similar mixed-race ethnicity.

    This Burger King restaurant monitors its dining room, where the criminal offense occurred, with a digital or videotape surveillance system, and the criminal offense was recorded by the surveillance system.

    I am formally requesting a subpoena be issued for the surveillance system record of the criminal offense for use as evidence against the individual committing the criminal offense against me.

    The contact information for the Burger King restaurant is:
Mr. Moshen Noureddine
c/o The Burger King Corporation
1-800-669-1800, ext. 2706.

    The individual committing the criminal offense was driving a dark, possibly black, Lexus sport utility vehicle with Massachusetts registration 53K-E07.

**JS 44** (Rev. 3/99)                                        **CIVIL COVER SHEET**                                        ATTACHMENT 2

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
William Z. Acker

**DEFENDANTS**
City of Somerville, Massachusetts
Somerville District Court

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
05-10848 MLW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 245 Tort Product Liability | ☑ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Civil rights violation

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $**    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____    DOCKET NUMBER _____

DATE April 26, 2005 TU       SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ATTACHMENT 3**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓    II.   195, 368, 400, (440) 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES ☐    NO ☑

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

    YES ☐    NO ☑

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES ☐    NO ☐

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? (SEE LOCAL RULE 40.1(D)).

    YES ☐    NO ☐

    A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

         EASTERN DIVISION ☐       CENTRAL DIVISION ☐       WESTERN DIVISION ☐

    B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

         EASTERN DIVISION ☐       CENTRAL DIVISION ☐       WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

(Att3Cover sheet local.wpd - 11/27/00)