UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM Z. ACKER,
   Plaintiff,

               C.A. No. 05-10848-MLW

  v.

CITY OF SOMERVILLE POLICE
DEPARTMENT, MASSACHUSETTS
TRIAL COURT, DISTRICT COURT
DEPARTMENT, SOMERVILLE DIVISION,
   Defendants

## MEMORANDUM AND ORDER

WOLF, D.J.

For the reasons stated herein, Plaintiff's Application to Proceed Without Prepayment of Fees is Allowed. It is Further Ordered that this action shall be dismissed.

## BACKGROUND

On April 27, 2005 Plaintiff William Z. Acker filed a *pro se* complaint alleging civil rights violations as a result of a "pattern of improper police and court conduct of procedure...in an investigation and processing of a criminal complaint by the plaintiff against three individuals, including, in the context of impropriety, potential corruption by, including potential collusion between, the police and the Court." Complaint, ¶ 3.

The complaint is repetitive, disjointed, and not entirely coherent, however, the crux of the complaint can be gleaned as follows:

Plaintiff alleges that on March 30, 2005, he was assaulted by three individuals inside a Burger King restaurant in Somerville, MA. A Somerville Police Officer responded to the scene, accompanied by two other police officers. Plaintiff claims theses officers failed to access and record relevant evidence in investigating the crime scene, including the failure to interview several employee eyewitnesses. Plaintiff further claims that a police detective failed to conduct

a subsequent investigation with respect to a record of the video surveillance system used by Burger King. Plaintiff also asserts the police failed to file criminal complaints against two of his assailants. Complaint, ¶ ¶ 4-5.

Plaintiff further contends that a Somerville Police Officer (of Caucasian and Mediterranean ethnicity) "exhibited intimidating behavior toward the plaintiff" after the alleged female accomplice wrongfully accused Plaintiff of "staring." Complaint, ¶ 6. Plaintiff claims to have been observing and recording the registration number of the assailant's vehicle, when the Police Officer told Plaintiff to "stop staring" at the female accomplice, and to stop staring at him, or he would arrest the Plaintiff for disorderly conduct. Id.

Plaintiff further alleges that another officer took a statement from Plaintiff, and then advised him that the alleged assailant was claiming that Plaintiff committed a felony assault and battery against him. Plaintiff denied this to the officer, and was told by the officer that Plaintiff would receive a notice to appear at a hearing. Complaint, ¶7. Plaintiff later made inquiries at the Burger King, to determine whether any eyewitnesses had been questioned, and was advised that only the manager and a customer had been questioned, but no other employee. Complaint, ¶8.

The next day, on March 31, 2005, Plaintiff went to the Somerville District Court and advised a clerk or court official of his intention to file a motion with the Court. The judge came on the bench, conducted other judicial business, and left the bench without hearing Plaintiff's motion. Complaint, ¶9. A bailiff directed Plaintiff out of the courtroom, to an assistant magistrate, and Plaintiff explained his intention to file a motion for a Court Order to preserve the recorded videotaped surveillance system at Burger King, as evidence of the criminal offenses by

the assailant against the Plaintiff. Plaintiff was then directed to a Superior Court. Complaint, ¶10. Plaintiff spoke to a court official who stated he should speak with a Somerville Police Department official. After Plaintiff expressed his mistrust of the Department, he was directed to speak with the liaison officer, Captain Story. He was referred to a Somerville Police Officer whom the Plaintiff does not trust. Complaint, ¶ 10.

Later that afternoon, Plaintiff called the Burger King district manager, and left a voice-mail message stating he wanted to preserve the videotape evidence of the incident. Complaint, ¶ 11.

Plaintiff contends that he was unable in a timely fashion, to obtain and preserve the videotape evidence he sought, because of the improper investigation by the Somerville Police Department, and the concommitant refusal by the Somerville District Court judge to consider his request for a court order preserving evidence, and the court official's refusal to accept a motion by the plaintiff for same.[1] Complaint, ¶12.

On April 26, 2005, Plaintiff spoke with Burger King's manager and was advised that there may in fact be a video surveillance record of the incident, but that any request for the video must be made by the Somerville Police Department. Plaintiff thereupon went to the Police Headquarters to request that the Department request and acquire the video record. He was advised the matter would be referred to Officer Steve St. Hilaire. Complaint, ¶ 13.

Plaintiff contends that as a result of the above, he has been denied his due process rights,

---

[1] Plaintiff contends that he made efforts on Friday afternoon, April 1, 2005 to get a court order at the United States District Court. It appears that Plaintiff did appear at the Clerk's Office and was assisted by the Pro Se Intake Clerk. After conversations with the clerk, Plaintiff advised that he decided not to file a motion that date, but would come back at a later time with a duly drafted complaint.

and seeks the following relief from this Court: 1) the issuance of a Court Order for the Somerville Police Department or the Somerville District Court, to request and acquire the video surveillance system record of the alleged incident on March 30, 2005, for preservation as evidence; 2) a Court Order directing the issuance of criminal complaints by the Somerville Police Department and/or the Somerville District Court, against the alleged two accomplices, with each to be summoned to appear at a hearing before the Somerville District Court on May 2, 2005 at 2:00 p.m.; 3) a Court Order directing an officer (or preferably a detective) to interview an eyewitness (Costadeena Gesemas hiou), a manager of Burger King; 4) a Subpoena to issue from this Court directing the witness Costadeena Gesemas Hiou to appear at a hearing on May 2, 2005 at 2:00 p.m. in the Somerville District Court; and 5) a Court Order protecting the Plaintiff from any retaliation by the defendants "which prevents the plaintiff from an immediate access in recourse to the Federal Court of the District of Massachusetts regarding this respective case, e.g., given a decision by the lower-court magistrate or similar official of a detention and/or imprisonment of the plaintiff for a jury trial for any respective criminal charge as alleged by the assailant against the plaintiff, a requirement of a posting by the plaintiff of any bail and/or bond, and/or any other requirement relevant to the respective criminal charge as alleged by the assailant against the plaintiff." Complaint, ¶ 18.  Finally, Plaintiff also requests a Court Order protecting the Plaintiff from any retaliation by the defendants with respect to any "employment, lifestyle, or housing of the plaintiff, especially as would adversely affect an ability of the plaintiff of a legal defense on the plaintiff, i.e., themself." Complaint, ¶ 19.  Plaintiff does not specifically seek monetary damages.

    Accompanying Plaintiff's complaint was an Application to Proceed Without Prepayment

of Fees.

## ANALYSIS

I.  <u>The Application to Proceed Without Prepayment of Fees</u>.

Plaintiff's Application to Proceed *in forma pauperis* indicates that he is unemployed apart from several odd-jobs as a mover/laborer, contractor, and snow shoveler. He has $40.00 in cash or savings and no other income or assets. Accordingly, Plaintiff has sufficiently demonstrated that he is without funds to pay the $250.00 filing fee for civil actions, and his Application to Proceed *in forma pauperis* is Allowed.

II. <u>The Court May Screen this Action</u>

Because Plaintiff seeks to file this complaint without prepayment of the filing fee, this Court may review Plaintiff's complaint to determine if it satisfies the substantive requirements of the federal *in forma pauperis* statute. <u>See</u> 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2). Complaints filed *in forma pauperis* may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. <u>Id.</u>; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

III. <u>Failure to Sign Complaint</u>

As a threshold matter, the Court notes that, although Plaintiff signed his *in forma*

*pauperis* application, Plaintiff failed to sign his complaint.  Federal Rule of Civil Procedure 11(a) provides that the pleading shall be stricken unless Plaintiff corrects this omission promptly. "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Fed. R. Civ. P. 11(a).[2] See also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").  Because this action is ordered dismissed for the reasons set forth below, Plaintiff will not be directed to provide the Court with his original signature, and the failure to sign the pleading shall not be dispositive here.  See Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002) (signature requirement of Rule 11 is not jurisdictional).

IV.     No Cause of Action for Private Criminal Prosecution

Plaintiff's request to have the defendants investigate and file criminal charges against the other two assailants allegedly involved in the altercation at Burger King are dismissed, because Plaintiff, as a private citizen, has no right to have an alleged crime investigated or prosecuted.[3] See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially

---

[2] Rule 11(a) provides:

(a) Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

[3] Moreover, such attempt by the Plaintiff to have criminal proceedings brought against the others involved in the incident in effect, serves as a pre-emptive strike to thwart his own prosecution, or to bolster any defense he may have in his own criminal case.

cognizable interest in the prosecution or non-prosecution of another); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D. P.R. 1990) (same); cf. Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (no constitutional right under the Equal Protection Clause to secure the prosecution of another). Thus, to the extent that Plaintiff's complaint may be construed as an attempt to seek the prosecution of the other two alleged assailants, it is dismissed for failure to state a claim. See, e.g., Linda R.S., 410 U.S. at 619; cf. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (no authority exists for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (same).

V.  Abstention as a Bar to Plaintiff's Request for Injunctive Relief for Pending State Criminal Proceeding

Plaintiff's complaint attempts to raise matters in the federal court, which are inextricably intertwined with on-going state criminal proceedings. The federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings." Younger v. Harris, 401 U.S. 37, 46 (1971); In re Justices of the Superior Court, 218 F.3d 11, 16 (1st Cir. 2000). See also Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 237-38 (1984) (federal court abstention from jurisdiction appropriate where "federal claims could have been or could be presented in ongoing state judicial proceedings that concern important state interests."); Rio Grande Community Health v. Rullan, 397 F.3d 56, 68-69 (1st Cir. Feb. 14, 2005)(discussing Younger and Colorado River[4] Abstention doctrines).

A federal court must abstain from reaching the merits of a case over which it has

---

[4]Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)

jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit. See Brooks v. New Hampshire Supreme Court, 80 F.3d 633 (1st Cir. 1996) citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

Here, plaintiff's request for this Court to interfere with pending state-initiated criminal proceedings implicates all three prongs of the test, warranting Younger abstention in this case[5].

The state proceeding, set for hearing on May 2, 2005, provides an adequate opportunity for the Plaintiff to seek relief from the state court with respect to disclosure and preservation of alleged exculpatory evidence (such as the videotape), subpoenaing of eyewitnesses for testimony, and discovery of witnesses' statements. It is also within the purview of the state court judge to enter orders with respect to the custody of Plaintiff or set conditions of release (bail)

---

[5]While there are exceptions to Younger abstention which would allow a plaintiff to obtain relief in the federal courts, even though doing so would interfere with ongoing state-initiated proceedings, Plaintiff's case does not fall in these categories. He has not set forth any grounds for demonstrating "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." See Bettencourt v. Board of Registration in Medicine, 904 F.2d 772, 779 (1st Cir. 1990) citing Younger, 401 U.S. at 54. Extraordinary circumstances may be found, for example, where the state statute or rule under which the federal plaintiff is prosecuted or sued in state court is "flagrantly and patently violative of express constitutional prohibitions in every clause," or where the federal plaintiff demonstrates "'bad faith [prosecution], harassment or any other unusual circumstances that would call for equitable relief.'" Malachowski v. City of Keene, 787 F.2d 704, 708 (1st Cir.), cert. denied, 479 U.S. 828 (1986); Landrigan v. City of Warwick, 628 F.2d 736, 743 (1st Cir. 1980).
    In order to invoke one of the exceptions to the Younger doctrine, the defendant in a criminal case must make sufficient specific factual allegations which support an inference that the particular exception applies and cannot rely on general claims of misconduct. Saunders v. Flanagan, 62 F. Supp. 2d 629, 634 (D. Conn. 1999). Plaintiff has failed to do so here.

pending further criminal proceedings.  To the extent that Plaintiff seeks an order enjoining any action which may adversely affect his employment, housing, or other aspects of his life because of potential order for detention, this Court must abstain from interfering with the state court proceedings in this regard.

Therefore this action must be dismissed.  See <u>Gibson v. Berryhill</u>, 411 U.S. 564, 577 (1973) (<u>Younger</u> calls for outright dismissal of federal action where there is an opportunity to present all claims to the state court); Johnson v. Board of Bar Overseers of Mass., 324 F. Supp. 2d 276, 285 (D. Mass. 2004) ("Younger contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts," <u>citing</u> <u>Gibson v. Berryhill</u>, 411 U.S. at 577).

## CONCLUSION

Accordingly, for the reasons stated herein, Plaintiff's Application to Proceed Without Prepayment of Fees is Allowed, and the above captioned matter is Ordered Dismissed in its entirety.

DATED:  October 13, 2005
*Nunc Pro Tunc* April 28, 2005

<u>/s/ Mark L. Wolf</u>
MARK L. WOLF
UNITED STATES DISTRICT JUDGE